JS-6

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Matthew F. Kennelly | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 7503 | **DATE** | 5/25/2004 |
| **CASE TITLE** | USA vs. Barbara Moore | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  For the reasons set forth on the attached Memorandum Opinion and Order, the Court denies movant Barbara Moore's remaining claims. Judgment is entered in favor of respondent United States of America.
(11) ■ [For further detail see order attached to the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | MAY 27 2004 date docketed | |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | | 7 |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | U.S. DISTRICT COURT CLERK | | |
| OR | courtroom deputy's initials | 2004 MAY 26 PM 2:39 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Respondent, )
)
vs. ) Case No. 03 C 7503
)
BARBARA MOORE, )
)
Movant. )

## MEMORANDUM OPINION AND ORDER

MATTHEW F. KENNELLY, District Judge:

Barbara Moore pled guilty to mail fraud pursuant to a written plea agreement and was sentenced to 52 months imprisonment. The fraud involved Moore's preparation of, and assistance to others in preparing, income tax returns that included false claims for refunds and other false information. Moore has filed a *pro se* motion under 28 U.S.C. § 2255 seeking to vacate her sentence. Her motion includes five claims. The Court denied two of these in an order dated November 14, 2003. On February 13, 2004, the Court deferred consideration of the remaining claims pending resolution of Moore's then-pending direct appeal. The Court of Appeals recently dismissed the appeal, so we now proceed to address Moore's remaining claims, specifically claims 1, 2 and 5.

Each of these claims appears to assert, at least in part, that Moore's counsel rendered constitutionally ineffective assistance in connection with Moore's decision to plead guilty and/or in connection with the sentencing. A claim of ineffective assistance of counsel requires a showing that counsel's service fell below an objective standard of reasonableness and that there

is a reasonable probability that this affected the outcome. *See, e.g., Strickland v. Washington*, 466 U.S. 668 (1984); *United States v. Meyer*, 234 F.3d 319, 324-25 (7th Cir. 2000). If the defendant challenges counsel's advice or performance in connection with the decision to plead guilty, the second part of the *Strickland* test requires a showing that there is a reasonable probability that but for counsel's errors, the defendant would not have pled guilty. *Hill v. Lockhart*, 474 U.S. 52, 59 (1985). If the defendant challenges counsel's performance in connection with sentencing, the second part of the *Strickland* test requires a showing that there is a reasonable probability that because of counsel's errors, the defendant received additional prison time. *United States v. Ruzzano*, 247 F.3d 688, 696-97 (7th Cir. 2001); *see generally, Glover v. United States*, 531 U.S. 198 (2001).

In claim 1, Moore states as follows: "I continuously explained to my counsel that the amount of the loss was incorrect and that I never agreed to any amount. She assured me that the amount was just for evidence and not sentencing purposes. I got sentenced on the exact amount I asked her to challenge before I signed the plea. I was also encouraged to sign a plea for 70-87 months any my maximum penalty is 60 months." This claim is without merit. First of all, Moore *did* agree in her plea agreement that the amount of the loss involved in the offense and her related criminal conduct was at least $121,895. At the hearing on Moore's guilty plea, the Court established that Moore had read the plea agreement completely and had discussed it with counsel, and that her plea was knowing and voluntary. In light of Moore's express agreement to the loss amount, her attorney's failure to challenge that amount at sentencing was not unreasonable and thus did not constitute ineffective assistance of counsel. Second, the fact that the sentencing range resulting from the plea agreement might have equaled 70 to 87 months,

2

when the maximum penalty for one charge of mail fraud is 60 months, is of no consequence. The statutory maximum capped Moore's sentence even if the Guideline range was higher. *See* U.S.S.G. § 5G1.1(a). And in any event, the Court sentenced Moore to 52 months, below both the statutory maximum and the range she says her lawyer encouraged her to agree to. Thus she was not prejudiced by counsel's advice in this regard.

In claim 2, Moore says: "Statute of limitations for taxes is 5 years. 1994, 1995, 1996 and 1997 income taxes were included in the loss amount after I was told that they would be deducted from my loss." This claim appears to challenge both counsel's advice and the propriety of the sentence. Because the purported statute of limitations issue was not raised in this Court at the time of Moore's guilty plea or sentencing, it is procedurally defaulted and cannot be asserted in a § 2255 motion unless Moore shows cause for the default and prejudice resulting from it. *See Bousley v. United States,* 523 U.S. 614, 621-24 (1998).

The only conceivable "cause" for the procedural default which the Court can divine from Moore's motion is her lawyer's allegedly bad advice. Whether this constitutes cause amounts to the same issue as that involved if the Court considers this claim as a claim of ineffective assistance of counsel – again, whether the lawyer's service or advice fell below an objective standard of reasonableness and caused Moore prejudice. Any such claim is without merit. First of all, it was abundantly clear from the plea agreement that the loss amount included losses from 1994 through 1997; each specific component of the loss amount was listed and dated on pages 4-5 of the plea agreement. Thus Moore's apparent contention that she thought these amounts would not be included does not hold water. Second, the law is clear that a court's inquiry at sentencing regarding the amount of a loss is not restricted by the statute of limitations. "There is

3

... a difference between criminal accountability ... and sentencing accountability. The history and notes of the Sentencing Guidelines show that courts are to consider much more than the offense of conviction in fitting the sentence to the crime and the criminal. This circuit has interpreted the Sentencing Guidelines broadly in the past and we see no reason to restrict sentencing considerations by the statute of limitations." *United States v. Matthews,* 116 F.3d 305, 307 (7th Cir. 1997). As a result, the inclusion of loss amounts from 1994 through 1997 was not erroneous, and counsel's failure to contest those amounts based on the statute of limitations did not constitute ineffective assistance.

In claim 5 (it is not entirely clear that this was intended to be a separate claim), Moore states: "Statute of limitation on taxes and actual amount participants were entitled to not being deducted. Case was never researched thoroughly by counsel. Counsel was also concerned that if we brought up too many issues, I would not get my acceptance of responsibility points taken off." The Court has already dealt with the statute of limitations issue and thus confines its consideration of claim 5 to the apparent contention that counsel was ineffective in failing to argue that amounts the taxpayers would have received as refunds if they had filed accurate tax returns should be deducted from the loss amount for sentencing purposes. First of all, the Court again notes that Moore *specifically agreed* to the $121,895 loss amount in her plea agreement and did so knowingly and voluntarily. As this undertaking was an integral part of the plea agreement, Moore could not have withdrawn her commitment without seeking to withdraw her guilty plea entirely. Yet she does not allege that she would have done so. Thus under *Hill v. Lockhart,* Moore has failed to make the requisite showing of prejudice. Second, Moore has failed to support her contention that the purported error had any effect on her sentence. As

4

authority for her claim, Moore cites U.S.S.G. § 2T1.1(c)(4), which applies to tax offenses and says that "[i]f the offense involved improperly claiming a refund to which the claimant was not entitled, the tax loss is the amount of the claimed refund to which the claimant was not entitled." Because Moore pled guilty to mail fraud, not a tax offense, her sentence was determined based on U.S.S.G. § 2F1.1 (1998) version, not § 2T1.1. But assuming for purposes of discussion that the same rule Moore cites would apply to calculation of the loss under § 2F1.1, Moore has provided the Court with no evidence indicating she was prejudiced by counsel's failure to insist on this deduction. Specifically, Moore has given the Court no basis on which we could conclude that the loss amount for sentencing purposes would have been affected materially had the Court considered the amounts the taxpayers purportedly would have received as refunds had Moore prepared accurate returns for them. Again, her claim fails for lack of a showing of prejudice.

## Conclusion

For the reasons stated above, the Court denies movant Barbara Moore's remaining claims. The Clerk is directed to enter judgment in favor of respondent United States of America.

_____
MATTHEW F. KENNELLY
United States District Judge

Date: May 25, 2004

5